Opinion filed July 29,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-09-00165-CR & 11-09-00166-CR

                                                    __________

 

                              JONATHON
TODD MILES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 91st District Court

 

                                                          Eastland
County, Texas

 

                                             Trial Court
Cause Nos. 21659 & 21660

 



 

                                           M
E M O R A N D U M     O P I N I O N

            The
jury convicted Jonathon Todd Miles of the aggravated sexual assault of his
sixteen-year-old cousin[1]
and of her fifteen-year-old friend.[2] 
The jury assessed his punishment at confinement for fifty years in each case. 
We affirm.

Issues
on Appeal

            At
trial, appellant did not deny that he had sex with both girls.  He did deny
that he threatened either girl and maintained that the intercourse was
consensual in that neither girl was threatened and both girls were willing
participants.  On appeal, appellant contends in a sole issue in each case that
the evidence is both legally and factually insufficient to support his
convictions for aggravated sexual assault.  Specifically, appellant argues that
there is insufficient evidence of any aggravating factors such as threats.

Applicable
Law

            Tex. Penal Code Ann. § 22.021 (Vernon
Supp. 2009) provides that a person commits aggravated sexual assault when he
intentionally or knowingly commits sexual assault as defined by Tex. Penal Code Ann. § 22.011 (Vernon
Supp. 2009) along with an aggravating factor such as placing the victim in fear
that death, serious bodily injury, or kidnapping will be imminently inflicted
on any person or threatening the victim that he would cause the death, serious
bodily injury, or kidnapping of any person.  Section 22.021 further provides
that either the acts or the words of the defendant may convey the aggravating
factors.

Standards
of Review

In
order to determine if the evidence is legally sufficient, the appellate court
reviews all of the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Laster v. State, 275 S.W.3d 512, 517-18
(Tex. Crim. App. 2009); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim.
App. 2000).  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light.  Laster,
275 S.W.3d at 519; Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000);
Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing
court determines whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414-15;  Johnson, 23 S.W.3d at 10-11. 

The
jury, as the finder of fact, is the sole judge of the weight and credibility of
the witnesses’ testimony. Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  Due
deference must be given to the factfinder’s determination, particularly
concerning the weight and credibility of the evidence.  Johnson, 23
S.W.3d at 9; Jones v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).  The
appellate court reviews the factfinder’s weighing of the evidence and cannot
substitute its judgment for that of the factfinder.  Cain, 958 S.W.2d at
407; Clewis, 922 S.W.2d at 133.   

Evidence
at Trial

            Appellant’s
cousin testified that, the day after her sixteenth birthday, she had gone to a
high school football bonfire with appellant, her friend, her brother, and her
brother’s girlfriend. Appellant drove.  Appellant was drinking, but neither she
nor her friend were.  After the bonfire, they all went to the travel camper
where her brother and his girlfriend lived.  At some point, her friend yelled
out for her.  Her friend looked frightened and said she needed to talk to
her.   Someone took them home.  Her friend was very quiet and never did tell
her anything.

            Four
days later, she was back at her brother’s camper.  Appellant was there.  People
were drinking mixed drinks, and she tasted one.  She went outside to smoke, and
appellant followed her.  She had decided to walk home when appellant grabbed
her by her hair.  Appellant told her, “You know you want this.”  Appellant said
it three or four times.  She tried to get away, but he pulled her down to the
ground.  She thought that appellant was going to kill her.  Appellant then
pulled off her pants and underwear.  He put his hand over her mouth and told
her that, if she screamed, he would hit her.  Appellant then penetrated her
vagina with his penis.  It hurt.  Appellant then turned her around and “kept on
going.”  His cousin testified that, when “he was done,” appellant told her “not
to worry, he didn’t go inside” her so she would not get pregnant.  Appellant
also told her that this would bring them closer together.

            Appellant’s
cousin testified that she was scared the whole time and did not tell anyone
until her mother saw the scratches and bruises on her back a few days later.  She
made a statement to the police and then went to the hospital where she was in a
psych ward.  She said that, after the attack, she just wanted to die.

            Appellant’s
cousin’s friend testified that she was fifteen when she went to the bonfire
with appellant, appellant’s two children, his cousins – her girlfriend and the
girlfriend’s brother – and the brother’s girlfriend.  She had not met appellant
before that night.  He told her that night that he was twenty-two years old. 
At the bonfire, appellant gave her a beer to hold.  Her brother saw that,
became upset, and had words with appellant.  The principal and the band
director came over and told appellant to leave.

            After
that, they went to the camper where appellant’s male cousin lived with his
girlfriend.  They were all outside talking when appellant told her to come
inside because he wanted to talk to her about her brother.  Appellant closed
the door, locked it, and asked her if she wanted to have sex with him.  She
told him “no” and went around him.  He put both of his hands on her chest and
pushed her down hard enough on the bed to hurt her.  He held her hands over her
head with one of his hands and put his other hand over her mouth.  He told her
that, if she screamed, he would kill her “right then.”  She was afraid that she
was going to die.

            Appellant
took his hand from her mouth and removed her pants and underwear.  He climbed
on top of her and put his penis in her vagina.  She testified that, while he
was on top of her, “[h]e had the worst grin on his face ever.”  She described
it as “like the deadliest scary grin” and like he “was getting his
satisfaction.”  After appellant ejaculated, he told her to go out to her friend
and that, if she said anything, he would come kill her and her brother.

            Appellant
testified that he had had sex with both girls.  Appellant testified that, after
the bonfire, no one stayed outside and that everyone went inside the camper. 
It was really tiny and they all “packed” inside.  His sons were playing video
games.  He did not ask his cousin’s girlfriend to come inside.  Instead, she
came in, and everybody but his sons left.  She closed the door and asked him if
he wanted to “do it.”  Appellant pointed to his sons, and she said that they
could get under the blankets.  She took her pants off under the blankets so
that his sons would not see.  He took off his pants but kept his boxers on. 
They were having sex when his boys looked over and there was a knock on the
door.  Appellant stated that he never restrained her, never threatened her,
never hit her, never put his hands on her chest, and never threatened to kill
either her or her brother.

            Appellant
testified that a few days later he was back at the camper “[c]hilling” and
drinking screwdrivers.  His sixteen-year-old cousin had asked him if he wanted
a back massage.  While she was rubbing his back, he turned around and she
massaged his “front side.”  He decided to go out to his truck to get a shirt.  His
cousin came outside also.  They were talking when his five-year-old son came
out of the camper.  Appellant told his son to go back inside and play video
games.  Appellant said that his cousin was telling him that he should stay with
his current girlfriend and “not get back with [his] first baby mom.”  

Appellant
testified, “[S]omehow it got in, you know, to me and her, and I cannot tell you
the exact words, but I can tell you exactly what happened.”  Appellant then
described how his cousin took off her pants and thong.  She then said, “Let’s
get on the ground.”  While they were having sex, his cousin wanted to get on
top.  Appellant testified that at first he enjoyed having sex with her.  When
they were through, his cousin got up and walked home.  Appellant testified that
he did not threaten or hit his cousin, that he did not pull her hair, and that
he did not throw her on the ground.




 

Analysis

Both
victims described how appellant threatened them and how his actions made them
fear for their lives.  Appellant admitted to having sex with them but denied
making any threats or threatening actions toward either girl.  The jury as the
finder of fact was the sole judge of the weight and credibility of each witness’s
testimony.  As such, the jury could believe all, some, or none of a witness’s
testimony.  This court has the authority to disagree with the factfinder=s determination “only when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.”  Johnson, 23 S.W.3d at 9.

After
reviewing the evidence in the light most favorable to the verdict, we find that
a reasonable factfinder could conclude that appellant committed both offenses. 
The evidence is not legally insufficient.  When we view all of the evidence in
a neutral light, we find that the evidence supporting the verdict is not so
weak that the verdict is clearly wrong and manifestly unjust and that the verdict
is not against the great weight and preponderance of the conflicting evidence. 
The evidence is factually sufficient.  The issues before this court are
overruled.

Holding

            The judgments of the
trial court are affirmed.

 

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

July 29, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]11-09-00166-CR.

 





                [2]11-09-00165-CR.